**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DAMIEN C. SANTANA and
ANDREA LYNN RENFRO,

      Plaintiffs,

v.                                  Case No.   3:17-cv-61-J-34JRK

COGGIN CHEVROLET LLC,
d/b/a Coggin Chevrolet at the Avenues,

      Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Remand to State Court and Incorporated Memorandum of Law and Supporting Affidavits (Dkt. No. 6; Motion) filed on January 31, 2017. In the Motion, Plaintiffs request that the Court remand this case to state court because the amount in controversy does not exceed $75,000.00. See Motion at 1. Defendant opposes the Motion and asserts that the Court does have jurisdiction in this matter. See Defendant's Response to Plaintiffs' Motion to Remand to State Court and Incorporated Memorandum of Law (Dkt. No. 8; Response) filed on February 13, 2017.

"If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)." See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1060 (11th Cir. 2010). The removing party bears the burden of demonstrating that federal jurisdiction exists. Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); see also Pretka v. Kolter

City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).[1]  Here, where Defendant relies on diversity jurisdiction under § 1332(a) as the basis for removal, this burden requires Defendant to show both that the parties to the action are of diverse citizenship and that the amount in controversy exceeds $75,000.00.  See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  In this case, the parties do not dispute diversity of citizenship.  Therefore, the only jurisdictional question before the Court concerns whether the amount-in-controversy requirement has been satisfied. Williams, 269 F.3d at 1319.

The Supreme Court recently clarified the procedure for evaluating the amount in controversy for diversity jurisdiction purposes in Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547 (2014).  There, the Court observed that

> when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. … If the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: "[R]emoval … is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. This provision … clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.

Dart, 135 S. Ct. at 553–54 (footnote omitted).  In some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" Roe, 613 F.3d

---

[1] Although Pretka involved removal under the Class Action Fairness Act of 2005 ("CAFA"), it interpreted and applied the general removal procedures; indeed, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted).  Thus, Pretka's analysis is applicable to this case.  See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011); Roe, 613 F.3d at 1061-62.

at 1061 (quoting Pretka, 608 F.3d at 754).[2]  In determining whether the amount-in-controversy requirement is met, the Court "focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751 (citations omitted); see also Poore v. Am.-Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1290-91 (11th Cir. 2000) (holding that "the district court must determine whether it had subject matter jurisdiction at the time of removal"), overruled on other grounds by Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 640-41 (11th Cir. 2007); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 946 (11th Cir. 2000).

A court may not speculate or guess as to the amount in controversy.  See Pretka, 608 F.3d at 752.  However, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Roe, 613 F.3d at 1061-62 (quoting Pretka, 608 F.3d at 754).  Indeed, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062.  Moreover, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  Pretka, 608 F.3d at 754.  All that is required is that a removing defendant show, by a preponderance of the evidence, that the amount in

---

[2]  Both Pretka and Roe dealt with an earlier version of § 1446, which did not provide any procedure for assessing the amount in controversy. See Roe, 613 F.3d at 1060 n.2; Pretka, 608 F.3d at 757.  The Federal Courts Jurisdiction and Venue Clarification Act of 2011 added the procedures described above. See Dart, 135 S. Ct. at 554.  Nevertheless, the Eleventh Circuit apparently does not view Dart as disrupting any of the "pre-existing … case law" governing assessment of the amount in controversy because Dart "did not involve a plaintiff's contest to the defendant's jurisdictional allegations."  See Dudley v. Eli Lilly & Co., 778 F.3d 909, 913 (11th Cir. 2014).  As such, the Court should continue to follow the Pretka line of cases and, thus, may rely on its own experience and common sense in assessing the amount in controversy.

controversy exceeds the jurisdictional requirement. See id. at 752. However, in considering the propriety of a removal, federal courts consistently caution that removal statutes must be strictly construed, and all doubts resolved in favor of remand. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.") (internal citations omitted). Nonetheless, when it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. See Roe, 613 F.3d at 1064. To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for "employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant." See id.

Here, upon review of the Motion and Response, the Court finds that Defendant has failed to carry its burden of establishing by a preponderance of the evidence that the amount put in controversy by Plaintiffs' pleading exceeds $75,000.00. In attempting to reach the jurisdictional threshold Defendant improperly relies on speculation as to the potential amount of attorney's fees and the possibility that Plaintiffs may seek to add a claim for punitive damages which they have not pled. The amount in controversy, however, is determined from the Plaintiffs' pleading not based on such hypothetical propositions. Accordingly, it is

**ORDERED:**

1. Plaintiffs' Motion to Remand to State Court and Incorporated Memorandum of Law and Supporting Affidavits (Dkt. No. 6) is **GRANTED**.

2. The Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

3. The Clerk is further directed to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 28th day of March, 2017.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record
Clerk, Fourth Judicial Circuit